IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NIGEL DWAYNE PARMS, ) | |
| Plaintiff, ) | Civil Action No. 13-578 Pittsburgh |
| ) | |
| v. ) | District Judge McVerry |
| ) | Magistrate Judge Baxter |
| ORLANDO HARPER, et al., ) | |
| Defendants. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.   RECOMMENDATION**

It is respectfully recommended that this case be dismissed for Plaintiff's failure to prosecute.

**II.   REPORT**

**A.  Relevant Procedural History**

On April 22, 2013, Plaintiff, a former inmate at the Allegheny County Prison ("ACP") in Pittsburgh, Pennsylvania, initiated this action by filing a *pro se* complaint pursuant to 42 U.S.C. § 1983, against ACP's Warden, Orlando Harper, and three corrections officers at ACP: Officer Kavals, Officer Marzano, and Officer Rockey Fowler. On September 20, 2013, Defendants filed a motion for more definite statement [ECF No. 21], which was granted by Order of this Court dated March 11, 2014. Pursuant to said Order, Plaintiff was ordered to file an amended complaint clarifying the allegations of Section IV.A of the original complaint, on or before March 31, 2014. When Plaintiff failed to comply with this Order, the Court issued a show cause Order, dated June 25, 2014, requiring Plaintiff to file the amended complaint on or before July

1

15, 2014. [ECF No. 25]. The show cause Order further specified that Plaintiff's failure to file an amended complaint by July 15, 2014, would result in the Court's recommendation that this case be dismissed for failure to prosecute. Despite the fact that nearly four months have passed since the expiration of this deadline, Plaintiff has still failed to comply with this Court's Order.

### B. Discussion

#### 1. *Poulis* Analysis

Under Rule 41(b), a district court may dismiss an action *sua sponte* due to a plaintiff's failure to prosecute the case. See Lopez v. Cousins, 2011 WL 2489897, at *1 (3d Cir. June 23, 2011). In order for a court to determine whether dismissal of a case is appropriate, the Third Circuit has set out a six-factor balancing test which requires consideration of: 1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; 3) a history of dilatoriness; 4) whether the conduct of the party or attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and 6) the meritoriousness of the claim or defense. Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984). There is no "magic formula" for balancing the so-called *Poulis* factors, and not all of the six factors need to be satisfied in order to warrant dismissal. See Karpiel v. Ogg, Cordes, Murphy & Ignelzi, L.L.P., 405 Fed.Appx 592, 595 (3d Cir. 2010), citing Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992) and Ware v. Rodale Press, Inc., 322 F.3d 218, 221 (3d Cir. 2003). Applying the *Poulis* factors to the present matter, this Court recommends the dismissal of this matter.

During the pendency of any litigation, the parties are under a continuing obligation to comply with deadlines established by the Court. In a case filed *pro se*, this is solely the

obligation of the Plaintiff, who bears full responsibility for any failure in the prosecution of his claims.  See Briscoe v. Klaus, 538 F.3d 252, 258-59 (3d Cir. 2008) (a *pro se* plaintiff is personally responsible for the progress of his case and compliance with a court's orders.). Alternative sanctions, such as monetary penalties, are inappropriate as sanctions against indigent *pro se* parties, such as Plaintiff.  See Emerson v. Thiel College, 296 F.3d 184, 191 (3d Cir. 2002).

**III     CONCLUSION**

For the foregoing reasons, it is respectfully recommended that this case be dismissed for Plaintiff's failure to prosecute.

In accordance with the Federal Magistrates Act, 28 U.S.C. § 636(b)(1), and Fed.R.Civ.P. 72(b)(2), the parties are allowed fourteen (14) days from the date of service to file written objections to this report and recommendation.  Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto.  Failure to file objections will waive the right to appeal.  Brightwell v. Lehman, 637 F. 3d 187, 193 n. 7 (3d Cir. 2011).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Date:   November 3, 2014

cc:     The Honorable Terrence F. McVerry
        United States District Judge